IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAZ INNOVATIONS, L.L.C. | ) | 11  0932 |
| | ) | |
| Plaintiff | ) | CIVIL ACTION NO. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTMAS TREE SHOPS, INC. | ) | |
| | ) | |
| and | ) | **JURY DEMAND** |
| | ) | |
| NANTUCKET DISTRIBUTING CO., INC. | ) | |
| | ) | |
| Defendants | ) | |

## COMPLAINT

### Nature of Action

1. This is an action for copyright, trade dress and trademark infringement, and unfair competition.

### Parties

2. Plaintiff, JAZ Innovations, L.L.C., ("JAZ") is an Ohio limited liability corporation having a place of business at 5154 Enterprise Blvd., Toledo, Ohio 43612.

3. Defendant, Christmas Tree Shops, Inc. ("CTS") is a Massachusetts corporation having a place of business at 955 E. Lancaster Avenue, Downingtown, PA 19335.

4. Defendant, Nantucket Distributing Co., Inc. ("NDC") is a Massachusetts corporation having a place of business at 650 Liberty Avenue, Union New Jersey 07083.

### Jurisdiction and Venue

5. Subject matter jurisdiction over this Complaint is expressly conferred on this Court under 15 U.S.C. §1121, 17 U.S.C. §501 and 28 U.S.C. §§1331, 1332 and 1338. With

1

respect to §1332, the amount in controversy is believed to exceed $75,000 exclusive of interest and costs.

6. Personal jurisdiction is conferred upon this Court in that Defendant, CTS, has a place of business in Pennsylvania and this District, and Defendants, import, offer to sell and/or sell insulation strips that infringe JAZ's copyrights, trade dress rights and trademark rights, and unfairly complete with JAZ in the State of Pennsylvania and this District.

7. Venue is proper under 28 U.S.C. §1391 and 1400(b). At all times material, the Defendants have been conducting business within the State of Pennsylvania and this District and the claims of copyright infringement, trade dress infringement, trademark infringement and unfair competition arose in this District.

## COUNT I
## Copyright Infringement

8. As a complete and first ground for relief, JAZ hereby charges CTS and NDC with copyright infringement in violation of 17 U.S.C. 101 et seq., and realleges paragraphs 1-7 of this Complaint.

9. JAZ is engaged in the business of designing, making and selling new and innovative products for the home kitchen and home medicine cabinet markets. One JAZ product is its "Oven Rack Guard" insulation strip. This product removably secures to the front rail of the rack of a home kitchen oven to help prevent inadvertent burns to a person reaching into the oven.

10. In 2003, JAZ purchased the patent rights to and began developing and testing its "Oven Rack Guard" insulation strip. These strips have low thermal conductivity to slow the transfer of heat from the rack to the skin of a person. This helps prevent burns should a person inadvertently touch or brush up against the rack when it is hot. The materials and fabrication methods used by JAZ to make its "Oven Rack Guard" insulation strip are of a high standard of quality. The main fabric used in the insulation strips is a DuPont™ NOMEX® flame-resistant, thermal insulation material.

11. JAZ created and wrote marketing literature for its various products, including its "Oven Rack Guard" insulation strips as shown in **Exhibit A**. Specifically,

2

JAZ created and wrote the text found in its 2010 Product Catalog for its "Oven Rack Guard" insulation strips. The catalog page displaying its "Oven Rack Guard" includes the following text:

a) Fits all standard oven racks.

b) 18" length provides extensive coverage.

c) Safe up to 500°F.

d) Snaps allow for easy installation or removal.

e) Able to remain in oven between uses.

f) Machine washable, tumble dry low.

g) Available in one or two guards per package.

12. JAZ's packaging and marketing literature for its "Oven Rack Guard" insulation strip contain original material that constitutes copyrightable subject matter under the laws of the United States.

13. JAZ first published its 2010 Product Catalog for its "Oven Rack Guard" insulation strip on or about January 19, 2010 in conformity with the provisions of the Copyright Laws of the United States.

14. On January 12, 2011, JAZ filed an application to register the text in its 2010 Product Catalog including its "Oven Rack Guard" insulation strip with the United States Copyright Office as evidenced by Certificate of Registration No. TX 7-278-082, which was issued by the Register for Copyrights on January 14, 2011 as in **Exhibit B**.

15. At all times material hereto, JAZ complied with all of the provisions of the Copyright Laws of the United States applicable to its "Oven Rack Guard" insulation strip literature.

16. On information and belief, subsequent to JAZ's creation and publication of its "Oven Rack Guard" insulation strip literature, CTS and NDC prepared packaging literature for its knock-off Oven Rack Guard insulation strips. A copy of the CTS and NDC box packaging is shown in the January 6, 2011 Consumer Product Safety Commission publication attached as **Exhibit C**.

3

17. On information and belief, CTS and NDC copied substantial portions of the text from JAZ's 2010 Product Catalog for its "Oven Rack Guard" insulation strips, and incorporated that text into the CTS and NDC box packaging for its knock-off Oven Rack Guard insulation strips. For example, the CTS and NDC box packaging includes the following identical statements found in the JAZ 2010 Product Catalog noted above:

   a) Fits all standard oven racks.
   b) 18" length provides extensive coverage.
   c) Safe up to 500°F.
   d) Snaps allow for easy installation or removal.
   e) Able to remain in oven between uses.
   f) Machine washable, tumble dry low.

18. CTS and NDC have infringed JAZ's copyrights in and to its packaging and marketing literature by substantial copying, making or distributing copies, authorizing the making or distributing of copies, participating in furthering such infringing acts, or sharing the proceeds therefrom, all through substantial use of JAZ's packaging and marketing literature in and as part of CTS' and NDC's box packaging for its knock-off Oven Rack Guard insulation strips.

19. CTS and NDC made, imported and distributed its box packaging for its knock-off Oven Rack Guard insulation strips in the United States.

20. CTS' and NDC's respective infringing acts were and continue to be committed willfully.

## COUNT II
## Trade Dress Infringement

21. As a complete and second ground for relief, JAZ hereby charges CTS and NDC with federal unfair competition under 15 U.S.C. 1125(a) for unlawful simulation, appropriation and infringement of JAZ's distinctive and proprietary product configuration and packaging trade dress for its "Oven Rack Guard" insulation strips, and realleges paragraphs 1-20 of this Complaint.

4

22. JAZ began making, advertising and selling its "Oven Rack Guard" insulation strips in late 2003 or early 2004. On or about this time, JAZ began marketing its product under the "Oven Rack Guard" name and mark.

23. The JAZ "Oven Rack Guard" insulation strip is an original design with a distinctive product configuration. The trade dress of its "Oven Rack Guard" insulation strip is formed by at least the overall configuration and light beige or "dough" color of the product. A JAZ brochure and web cite printout showing the "Oven Rack Guard" insulation strip are attached as **Exhibit A**.

24. JAZ created a distinctive box packaging in which it sells its "Oven Rack Guard" insulation strips. A color copy of the JAZ box packaging is also in **Exhibit A**. The front of the package shows the picture of a home kitchen oven. A portion of the box is cut away to form a window so the consumer can see the textured fabric and color of the strips. The box package prominently displays JAZ's "Oven Rack Guard" product name and mark. The packaging also states "fits all standard oven racks – just snap it on," "machine wash – tumble dry low" and "safe for use up to 500°F/260°C." The packaging is a folded box with side flaps that are easily unfolded so the consumer can remove an insulation strip for inspection and return it to the box prior to purchasing. The package contains two folded insulation strips.

25. JAZ has extensively marketed its products at trade shows and via the internet, brochures, product packaging literature and other forms of marketing literature. A website advertising printout for its Oven Rack Guard" insulation strip is in **Exhibit A**.

26. JAZ's "Oven Rack Guard" insulation strips have achieved wide spread acceptance, excellent consumer reviews and a high degree of commercial success.

27. As a result of JAZ's original "Oven Rack Guard" insulation strip design, its original packaging and marketing literature, JAZ's high standard of quality and extensive advertising and marketing of the product, and the fact that the product has achieved wide spread acceptance and has met with quick commercial success, the product configuration and packaging trade dress for its "Oven Rack Guard" insulation strips have acquired secondary meaning and become distinctive designators of source or sponsorship, and are

recognized by the public and the trade as denoting a single source for the goods. JAZ's "Oven Rack Guard" name and mark is either inherently distinctive or has acquired secondary meaning and become a designation of the source or sponsorship of insulation strips sold under this name and mark. The product configuration and packaging trade dress for JAZ's "Oven Rack Guard" insulation strips is non-functional.

28. On information and belief, CTS and NDC recently began importing and selling insulation strips using JAZ's product configuration trade dress, selected portion of JAZ's packaging trade dress and JAZ's "Oven Rack Guard" name and mark. CTS and NDC packaging also includes marketing literature copied verbatim from JAZ's advertising literature. This use began long after JAZ first adopted and exclusively used its trade dress, product name and mark and marketing literature in interstate commerce.

29. The overall appearance of CTS's and NDC's insulation strips is substantially similar to and a colorable imitation of JAZ's product configuration trade dress for its "Oven Rack Guard" insulation strips. This substantial similarity and imitation is accentuated by the fact that CTS' and NDC's have improperly adopted and use many of the features and statements in JAZ's packaging and marketing literature for JAZ's "Oven Rack Guard" insulation strips.

30. On information and belief, CTS and NDC intentionally copied the overall appearance and color of the JAZ "Oven Rack Guard" insulation strip design to produce their recent insulation strip design. A copy of a January 6, 2011 public announcement from the Consumer Product Safety Commission showing its knock-off Oven Rack Guard insulation strip through the window of its box packaging is attached as **Exhibit C**.

31. On information and belief, CTS and NDC intentionally copied JAZ's packaging and marketing art and literature for its "Oven Rack Guard" insulation strips to produce its box packaging for its recent insulation strips, including JAZ's "Oven Rack Guard" name and mark. The public announcement from the Consumer Product Safety Commission shows the box packaging for CTS' and NDC' knock-off Oven Rack Guard insulation strip is attached as **Exhibit C**. The front of the package shows the picture of a home kitchen oven. A portion of the box is cut away to form a window so the consumer

can see the textured fabric and color of the strips. The box package prominently displays the Oven Rack Guard name and mark. The packaging includes the same text found in JAZ's 2010 Product Catalog and on JAZ's packaging boxes. The package contains two folded insulation strips.

32.   On information and belief, CTS and NDC copied JAZ's product configuration and packaging trade dress, JAZ's "Oven Rack Guard" name and mark, as well as JAZ's marketing literature and art with the intent of confusing, misleading or deceiving the public and the trade into believing that their knock-off insulation strips are somehow related to or associated with JAZ's original "Oven Rack Guard" insulation strip, or that its knock-off product was somehow associated with or endorsed or sponsored by JAZ, and to trade off the good will developed by JAZ for its original "Oven Rack Guard" insulation strips.

33.   Notwithstanding their misappropriation and use of JAZ's product and packaging trade dress, product name and mark, and marketing art and literature, CTS and NDC sell an insulation strip of vastly inferior quality than the JAZ "Oven Rack Guard" insulation strip.

34.   In fact, when United States consumers began using the poor quality CTS and NDC insulation strips, the Consumer Product Safety Commission reports that consumers were injured by smoke and fumes given off by the CTS and NDC strips, and that the damage went so far as to set at least one house on fire and burn it to the ground. **(Exhibit C)**.

35.   Actual confusion by consumers and the trade demonstrates the substantial similarity and likelihood of confusion between the CTS and NDC insulation strips and the JAZ "Oven Rack Guard" insulation strips. On information and belief, the consumer whose house was burnt down by the CTS and NDC strip initially believed the fire was caused by a JAZ "Oven Rack Guard" insulation strip, and his attorney contacted JAZ to advise it of the extensive damage its product had allegedly caused.

36.   CTS' and NDC's adoption and use in commerce of JAZ's trade dress for JAZ's "Oven Rack Guard" insulation strips design, packaging and marketing literature,

without authorization by JAZ, constitutes an unlawful appropriation, copying and simulation of JAZ's "Oven Rack Guard" insulation strip trade dress and is likely to cause consumer confusion, mistake or deception in violation of 15 U.S.C. 1125(a). Such conduct has and will likely continue to injure JAZ by direct diversion of sales to CTS and diminishing and destroying JAZ's good will with consumers.

37. CTS and NDC have willfully engaged in the foregoing acts with the full knowledge of JAZ's extensive prior use of its trade dress. CTS and NDC have copied JAZ's trade dress in such a manner as to cause confusion, mistake or deception among the public and the trade to CTS' and NDC's profit and JAZ's damage and injury.

38. CTS' and NDC's conduct has caused and will continue to cause irreparable injury to JAZ unless enjoined by this Court. JAZ has no adequate remedy at law.

39. The confusion caused by CTS and NDC has resulted in other incidental damages to JAZ. For example, after the initially erroneous allegation that a JAZ "Oven Rack Guard" insulation strip caused the above house fire, but before JAZ and the Consumer Product Safety Commission learned that it was actually a CTS and NDC insulation strip that caused the house fire, JAZ spent about $10,000 to hire a fire inspector to evaluate the fire at that house.

## COUNT III
### Trademark Infringement

40. As a complete and third ground for relief, JAZ hereby charges CTS and NDC with unfairly competing with JAZ by misappropriating and infringing JAZ's "Oven Rack Guard" trademark in violation of 15 U.S.C. §1125(a), and realleges paragraphs 1-39 of this Complaint.

41. JAZ has long marketed its oven insulation strips under its "Oven Rack Guard" mark as shown in **Exhibit A**. The "Oven Rack Guard" mark appears in JAZ's marketing literature and is prominently displayed on the front of its packaging for its "Oven Rack Guard" insulation strips.

42. CTS and NDC box packaging for its insulation strips clearly display JAZ's "Oven Rack Guard" mark as shown in **Exhibit C**

43. CTS and NDC have willfully infringed JAZ's "Oven Rack Guard" trademark with full knowledge of JAZ's investment in and to this mark. CTS and NDC have used this trademark in such a manner as to cause confusion, mistake or deception among the public and the trade to CTS' and NDC's profit and JAZ's damage and injury.

44. CTS' and NDC's conduct has caused and will continue to cause irreparable injury to JAZ unless enjoined by this Court. JAZ has no adequate remedy at law.

## COUNT IV
### Deceptive and Unfair Trade Practices

45. As a complete and fourth ground for relief, JAZ hereby charges CTS and NDC with deceptive trade practices in violation of the laws of the various states, such as 73 Pa. Stat. §§201-1 through 201-9.3, and realleges paragraphs 1-44 of this Complaint.

46. CTS' and NDC's conduct alleged in paragraphs 5-35 violates the consumer protection laws of the various states, including those o Pennsylvania, which has caused and will continue to cause JAZ irreparable harm unless otherwise enjoined by this Court.

## REQUEST FOR RELIEF

Plaintiff, JAZ, requests the following relief:

1. Judgment that U.S. Copyright Registration TX-7-278-082 is valid and the property of JAZ.

2. Judgment that JAZ's product trade dress, packaging trade dress and mark for its "Oven Rack Guard" insulation strip are valid and the property of JAZ.

3. Judgment that Defendants CTS and NDC misappropriated JAZ's copyright, product trade dress, packaging trade dress and mark for its "Oven Rack Guard" insulation strip.

4. Judgment that CTS and NDC engaged in unfair competition when they misappropriate JAZ's copyrights, product trade dress, packaging trade dress and mark for the JAZ "Oven Rack Guard" insulation strip.

5. That pursuant to 17 U.S.C. §501, Defendants be found to have infringed JAZ's copyrights to the art and literature for its "Oven Rack Guard" insulation strips.

6. That pursuant to 17 U.S.C. §502 and Defendant's acts of unfair competition, Defendants be temporarily and permanently enjoined from directly or indirectly making, having made, using, selling or importing an oven insulation strip with an appearance, packaging or name similar to JAZ's "Oven Rack Guard" insulation strip.

7. That pursuant to 17 U.S.C. §§503 and 509 and Defendant's acts of unfair competition, that all existing oven insulation strips of Defendant and any packaging therefore be seized, impounded and turned over to JAZ for destruction.

8. That pursuant to 17 U.S.C. §504 and Defendant's acts of unfair competition, an accounting be held and judgment rendered against Defendant:

    a) for all lost profits incurred by JAZ due to the unauthorized sale or use of the infringing product and unfair competition.

    b) for actual damages sustained by JAZ on account of Defendant's unfair competition, including any price erosion, and further including the $10,000 JAZ spent to hire an inspector to evaluate the cause of the fire that burnt down the house noted above, and

    c) that damages be trebled in view of the flagrant and willful character of Defendant's infringement and unfair competition.

9. For an assessment against Defendant of the prejudgment and post judgment interest on profits, royalties and damages.

10. That pursuant to 17 U.S.C. §505 and Defendant's intentionally and willfully acts of unfair competition, this case be found exceptional, and reasonable attorney's fees and costs, and interest on those fees and costs, be awarded JAZ.

11. Judgment that Defendant and its officers, agents, servants and employees and all those acting in concert or participation with them, are enjoined from unfairly competing with JAZ by using JAZ's literature, product and packaging trade dress and "Oven Rack Guard" name and mark for an oven insulation strip.

12. For such other and further relief as this Court may deem just and proper.

Dated: February 7, 2011

        Respectfully submitted,

        _____
        JEFFREY S. SOKOL
        Sokol Law Office
        828 N. Broadway, Suite 400
        Milwaukee, Wisconsin 53202
        414-272-7200
        Attorney for Plaintiff JAZ Innovations, L.L.C.